UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DR. LAKEISHA MENIFEE (ALSO KNOWN AS LAKEISHA HAMILTON, LAKESHA Y. HAMILTON, LAKEISHA Y. MENIFEE, Lakeisha Y. Hamilton, LAKEISHA HAMITLON-REED, LAKEISHA REED, LAKEISHA Y. REED, DR. KIKI, 19902 Rustlewood Dr. Humble TX, 77338 | CIVIL ACTION NO. Complaint |
| SUBSIDIARIES ROCKETLADY UNLIMITED ENTERPRISES, LLC (formally OUR HEARTS TOGETHER, LLC) 32075777873 19902 Rustlewood Dr. Humble TX, 77338 | |
| ABUNDANCE ENERGY CONSORTIUM (formally, ABUNDANCE EDUCATIONAL CONSULTING, LLC), 32042774599 19902 Rustlewood Dr. Humble TX, 77338 | |
| ROCKETLADY UNLIMITED, LLC AND 32078587949 19902 Rustlewood Dr. Humble TX, 77338 | |
| STEM UP 501 c3 32053431832 1002 Gemini St. Houston, TX 77058 | |
| Plaintiff | |
| SEND ALL PLAINTIFF REMITTANCE AND CORRESPONDANCE TO: DR. LAKEISHA MENIFEE P.O. BOX 2992 HUMBLE, TX-77347-2992 | |

1 | Page

|                                    vs. |
|---|
| State of Texas<br><br>Greg Abbot<br>P.O. BOX 12428<br>Austin, Texas 78711-2428<br><br>Attorney General of Texas<br>P.O. BOX 12548<br>Austin, TX 78711-2548<br><br>*Defendant*<br><br>Filing Date: June 19, 2024 |

## THIRTEENTH AMENDMENT COMPLAINT OF PLAINTIFF TEXAS STATE

omes now for cause of action show unto the court the following:

1. This is an action to enforce Plaintiff rights under the Thirteenth Amendment to the United States Constitution that Abolished SLAVERY. Plaintiff, DR. LAKEISHA MENIFEE (ALSO KNOWN AS LAKEISHA HAMILTON, LAKESHA Y. HAMILTON, LAKEISHA Y. MENIFEE, Lakeisha Y. Hamilton, LAKEISHA HAMITLON-REED, LAKEISHA REED, LAKEISHA Y. REED, DR. KIKI, and SUBSIDIARIES ROCKETLADY UNLIMITED ENTERPRISES, LLC, ABUNDANCE ENERGY CONSORTIUM (formally, ABUNDANCE EDUCATIONAL CONSULTING, LLC), ROCKETLADY UNLIMITED, LLC AND STEM UP 501 c3 has endured the following hardships via support of Medical Professionals, Policing Authorities, Licensing Agencies, Health Authorities, ect. In the state of Texas:

| A. | Sexually assaulted and medical professionals refuse to document physical evidence, and deleting blood evidence taken from the record while modify medical records to alter the series of events. |
|---|---|
| B. | Falsely imprisoned and denied the right of representation on personal property. |
| C. | Financial Institutions Manipulating funds to prevent payments, allowing items to be auctioned off by conspiring groups. |
| D. | Withholding Crime Victims Compensation, Insurance Payments and FEMA Subsidy's during times of Natural Disaster to ensure homeless. |
| E | Physically assaulted by police officers and doctors refuse to treat or document level of injuries, diagnosing injuries and mental illness. |
| F. | Policing authorities hacking into home network attempting to find something incriminating in order to place Plaintiff under arrest and gain possession of real property. |

I.
II. JURISDICTION

2. Plaintiff, is an individual and subsidiary composites of corporations and a nonprofit organization whose address is 19902 Rustlewood Dr. Humble, TX 77338 in the state of Texas and is a US Citizen.
3. Defendant (s): are composites of corporations and politics under Constitutional Law and regulatory agencies found below, and may be served via certified mail at their respective physical and mailing addresses or wherever a known affiliated of the organization may be found. Service of said Defendant can be effected by personal delivery:

| Defendant | Regulatory Agency |
|---|---|
| State of Texas | • Federal Courts<br>• Federal Trade Commission<br>• Department of Homeland Security<br>• Department of Justice |
| Greg Abbot | • Federal Courts<br>• Federal Trade Commission<br>• Department of Homeland Security<br>• Department of Justice |

| Attorney General of Texas | <ul><li>Federal Courts</li><li>Federal Trade Commission</li><li>Department of Homeland Security</li><li>Department of Justice</li></ul> |
|---|---|

III. JURISDICTION AND VENUE
   4. The subject matter (REAL PROPERTY 19902 RUSTLEWOOD DR. HUMBLE, TX 77338) in controversy is within the jurisdiction limits of this court.
   5. This court has jurisdiction over the parties due to Plaintiff's residence in Harris County Texas and the location of the aforementioned real property.
   6. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Procedure and Remedies Code because all or a substantial part of the events or missions giving rise to this lawsuit occurred in this county.

IV. DEFINITIONS
   7. SLAVE: The condition of a slave; that civil relation in which one man has absolute power over the life, fortune, and liberty of another.
   8. SLAVE TRADE: The traffic in slaves, or buying and selling of slaves for profit.
   9. GANG STALKING: Orchestrated harassment and intimidation by a larger collective against a "targeted individual,"" T.I.", in a virtual community formed by liked minded individuals that stand to benefit in the event the T.I. suffer, consortium, revocation of custodial rights, financial hardship, mental incapacitation, and/or mortality.

V. CLAIM
   10. DEFENDENTS have a collective group of individuals from within respective organizations that have identified Plaintiff as a T.I, and seek to retrieve the real property 19902 Rustlewood Dr. Humble, TX 77338, without compensation of royalties and deplete Plaintiff right to the subsidiary composites for corporations and the nonprofit organization's copyright, royalties and trademarks.
   11. DEFENDENTS worked with EDEN CORPORATION, CENTURY 21 Mortgage and Corporation Service Company DBA CSC-Lawyers INCO and affiliated companies to continue to traffick humans to different EDEN CORPORATIONS managed by Homeowners Associations or EDEN CORRECTIONAL Facilities managed by policing authorities to ensure that Texas has an inexpensive labor forces vulnerable to both Human Trafficking and Sex Trafficking.
   12. DEFENDENTS have established a financial system to receive gains as Plaintiff matriculates through harshness of GANG STALKING, by taking funds from the PLANTIFF. Funding has been withheld from book proceeds, false unemployment claims filled at the state level, federal tax returns filed in other states. Congruently; funding for Insurance Benefits were withheld by Smart Financial Credit Union after the indemnity of George Winger Broussard (Plaintiff's Father). Plaintiff was identified as DOE on the account after the passing Mr. Broussard in the Veterans Hospital yielding a policy benefit of $350,000. Plaintiff has since received the exact same policy from Smart Financial, and Smart Financial has identified Plaintiff's Children as beneficiaries. Employees of both Wells Fargo and Reliant Energy have verbally communicated that Abundance Energy Consortium, LLC (formally Abundance Educational Consulting, LLC) is reporting an alternant EIN number ending in 5071, and Plaintiff has received documents with the EIN number via US mail.


VI. FACTS

10. Real Property 19902 RUSTLEWOOD DR. was equipped with Enphase wireless antenna as of November 2, 2021, by way of Defendant (SUNRUN) solar panel installation. Enphase Wireless Antenna's at REAL PROPERTY are used to foster cellular transmission in HARRIS COUNTY, TEXAS and the infrastructure of the Bush Airport. Prior to receiving Enphase system T-Mobile provided a Signal Booster to Plaintiff in 2012 for free that the company is now providing as a paid service to customers via a wireless internet router that resembles the Signal Booster provided to Plaintiff in 2012. Real Property, originally had a 15 foot structured hardwired antenna in the rear of the access point courtesy of CenturyLink on purchase date of May 22, 2002. From May 22, 2002 to present T-MOBILE, XFINITY, VERIZON, Centurylink, DirectTV, Comcast, nor ATT have granted royalty compensation to Plaintiff for the right away easement use of antenna during the 22-year residence. In addition, Defendant (PHH MORTGAGE (Formally Century 21 Mortgage D/B/A Cendant Mortgage) did not provide disclosures during contract negotiations on FCC regulator statues and precautions that a Plaintiff would need to take in order to protect youth from predators, privacy and intellectual property violations that **would** occur.
11. Defendant (Assurant Devices) is the insurance provider that replaced lost, stolen, damaged phones for T-Mobile, Xfinity and ATT in Harris County Precinct 4
12. Between October 2022- present Plaintiff, Plaintiff's employee's and family have all reported stolen apple phones and devices on a consistent basis.
13. HARRIS COUNTY Pays 30 % of the salary for Harris County Constables and Sheriffs.
14. Kenswick Home Owners Association pays 70% of the salary for Harris County Constables and Sheriffs
15. Humble Police Department reports traffic violations directly to the Texas Department of Transportation.
16. Eden Corporation, ASSURANT DEVICE SERVICES, INC, PHH MORTGAGE and SUNRUN GEMINI MANAGER were all registered in the state of Texas by CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO and have a vested interest in REAL PROPERTY 19902 RUSTLEWOOD DR. HUMBLE, TX 77338.
17. February 8, 2023, Humble Police falsified police report stating that Plaintiff was placed under arrest for accident with Shondra McClellan, and reported VIN # to Texas Department of Motor Vehicles.
18. February 8, 2023-February 14, 2023: Plaintiff disconnected internet during this time and was not able to communicate with her daughter. Daughter could only use her mobile device when connected to the xfinity wifi access point available throughout Harris County. and all devices to be tracked on state's network.
19. February 12, 2024: Precinct 4 Constables falsified reports and aligned documents with the department of vital statistics (TRESA, HOPKINS), and made several changes within the call script when Plaintiff called to document that home network was hacked while submitting a grant application to the Texas Education Agency. Plaintiff documented that responding officer, Gloria Villarreal, had the same Surname as Christina Villarreal, Grant administrator at the Texas Education Agency who works in the office alongside her mother Anita Villarreal.
20. February 13, 2023: Plaintiff, traveled to 6831 Cypresswood Dr. Spring, Texas 77379, and requested that the officers look into the hacking incident and instead I was given a consent to search form as if I was under investigation for a crime.
21. February 14, 2023: Plaintiff's daughter calls 911 because she cannot call out on her phone or contact her mother, and the 911 operator connects Eboni to the Plaintiff.
22. February 16, 2023: Plaintiff's calls 911 because she cannot call contact her daughter, and she request the 911 operator connects her to Eboni, and the 911 operator stated that 911 operators do not operate in that way. Plaintiff, then ask for police out of fear that someone could be attempting to sex-traffick Eboni. Officers arrived, assaulted Plaintiff, and accused Plaintiff of attempting to sex-traffick Eboni. During this interaction Precinct 4 Constables held Plantiff in handcuffs for 3 hours and called ESD 11 EMS to take blood and sign documents without providing an opportunity to read the document during a time of distress. **(Following the encounter and forced signing of documents while handcuffed, the Plaintiff has received several insurance policies from PENFED credit Union, and has been a victim of a sexual assault.)**

23. February 17, 2023: Plaintiff files a complaint about the police brutality.
24. February 17, 2023: Plaintiff travels to St. Luke to seek medical attention and nurse does not provide treatment for pain and accuses plaintiff of requesting narcotics. Documentation from the hospital states that the Plaintiff should continue taking hydrocodone and amoxicillin, and when Plaintiff ask further questions the nurse accused the Plaintiff of requesting narcotics and threaten to call security after the Plaintiff had just opened up to her about the police brutality that prompted the visit. After the nurse's outburst the Plaintiff could not call out on her phone, and every phone that was used by the Plaintiff in the hospital would not dial out, and the Plaintiff had to result to fellow patients for support in hopes to reach a family member. Plaintiff's mother was aware of the situation and phone the Plaintiff's sister and brother in law that is a clinician whom arrived to communicate with the staff. After the Brother In Law noticed the escalated blood pressure he stated that they should have at least give you something to bring this down which is most likely due to stress. Once he communicated, we were checked back in only for the purpose of a psychiatric evaluation, and we decided to leave.
25. February 28, 2024: Traveled to 6831 Cypresswood Dr. Spring, Texas 77379 and Kameron Mulkey requested that I sign the Cease Investigation, and I did not sign because there was no one that was identified in regards to Cyber-attack.
26. March 8, 2023, Plaintiff filed a motion after receiving notice that Precinct 4 agreed with the actions of the officers.
27. March 28, 2023, Officers were served
28. April 7, 2023, Plaintiff was sexually assaulted
29. April 8, 2023 @ 5:59 am after waiting for a Sexual Assault Exam Methodist Hospital treated Plaintiff for Blood Pressure, and would not take any physical evidence of Sexual Assault without a Psychiatric Exam because the nurse needed to know what the Plaintiff was going to say to the Defense attorney. When the Plaintiff communicated with the nurse that the antidote for STD's needed to be given within 3 days the nurse responded that according legislation that he had 5 days to provide treatment. Methodist Hospital asked Plaintiff to sign a letter entitled "Leaving the Hospital Against Medical Advice"
30. April 9, 2023 same officers present for the assault at 19902 Rustlewood Dr. Humble, TX 77338 arrived at Emergency Hospital Systems – Deerbrook, 8901 Farm to Market 1960 Bypass Rd W Suite 105, Humble, TX 77338 arrived at 12: 00 am to take the report. After the SANE nurses completed their exam and took Plaintiff's blood they communicated to Plaintiff that she was free to leave, and the Plaintiff returned on the following day out of remembrance that prescriptions, and discharge documents where not provided. Plaintiff had to complete the entire enrollment application once more. During the exam ESD 11 EMS SANE nurses took blood and vaginal swabs and did not document it in the report, and told the Plaintiff to call and get the results.
31. May 5, 2023: Tyesha Elam utilized misleading and unethical business practices while facilitating divorce proceeding and modified Divorced Decree adversely impacting copyright royalties' documents to divorce applicatory of brand impersonation
32. May 8, 2023: District Attorney served as counsel for Precinct 4 Constables
33. June 9, 2023: District Attorney Motion to Dismiss
34. July 3, 2023: NOTICE OF SUBMISSION (MOTION TO DISMISS)
35. July 3, 2023: NOTICE OF SUBMISSION (MOTION TO EXTEND)
36. July 5, 2023: ORDER (DISMISSED WITH PREJUDICE)
37. July 6, 2023: SHONDRA MCCLELLAN files suite against Lakeisha Y. Menifee
38. August 3, 2023: SHONDRA MCCLELLAN attorney withdraw due to conflict of Interest
39. August 21, 2023: NOTICE OF SUBMISSION PLANTIFF'S MOTION TO WITHDRAW AS COUNSEL
40. November 6, 2023: SHONDRA MCCLELLAN (PLANTIFF NOTICE OF NONSUIT)
41. Plaintiff was never served in suite SHONDRA MCCLELLAN.

42. Plaintiff never received any documents certified mail from District Attorney in court case filed against Harris County Constables.
43. Computers and cellphones that were turned in to Precinct 4 Cyber Crimes team for investigation have been stolen from Toyota Highlander on March 5, 2024 in the parking lot of Academy, 9470 FM 1960, Humble, TX 77338, in Humble Police jurisdiction. On April 18, 2024 Plaintiff called 911 to report the crime, and NBC news reported "Major 911 outages in 4 states leave millions without an easy way to contact authorities" Another phone was stolen from Plaintiff at DUKE'S located 6303 Farm to Market 1960 Rd E, Humble, TX 77338 in the Sherriff's Jurisdiction, and the Plaintiff desired to report both incidents, with the plethora of events, and the Precinct 4 Constable that arrived instructed the Plaintiff to drive down to the Academy and call the Humble Police Department. Therefore; this is the official report of the stolen computers (Exhibit 1).
44. Computers and cellphones that are stolen and reported are later placed in vehicles after being called to the dealership for possible trade in offers.
45. Sergeant Jeffery Lee and Kamron Mulkey have not taken any cases to trial file for cyber-attacks in the last 2 years
46. Plaintiff has received confirmation from Assurant Device Insurance to confirm personal information has been compromised.
47. Harris County Sheriffs have not investigated the Sexual Assault of Plaintiff.
48. Attorney General has not Awarded Crime Victims Compensation.

VII. PLAINTIFF'S CLAIM OF NEGLIGANCE
49. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.
50. Plaintiff's injuries were proximately caused by Defendants negligent, careless and reckless disregard of said duty.
51. The negligent, carless and reckless disregard of duty of Defendant consisted of, but is not limited to the following acts and omissions:
    A. Defendant (Harris County Constables and Sheriffs or Precinct 4) had a duty to exercise the degree of care to serve and protect Plaintiff, to avoid harm during standard welfare check described
    B. Defendant (Harris County Constables and Sheriffs or Precinct 4) had a duty to investigate the cyber-stalking in ordinary prudence contrary to the adversary criminalization of a victim.
    C. Defendant (Harris County Sheriffs or Precinct 4) had a duty to investigate the sexual assault in ordinary prudence contrary to the adversary criminalization of a victim.
    D. Defendant (Assurant Device Services) had a duty to disclose to the public protocols in device returns that would ensure security to and prevent financial crimes amongst citizens i.e. youth, seniors, intellectually impaired.
    E. Defendant (Kenswick Home Owner Association) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others and ensure deed restrictions were equitable and not aimed at Plaintiff (Targeted Individual) after death of father during home renovations due to mold, while family was stationed in a hotel.
    F. Defendant (SUNRUN INC) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others disclose that solar panels were free, and Goodleap is company that utilizes Artificial Intelligence to remotely manage the solar panels and this was an optional service to prevent additional cyberattack and financial scams.
    G. Defendant (SUNRUN GEMINI MANAGER) had a duty to disclose that 19902 Rustlewood Dr. Humble, TX 19902 would be placed on the same network as STEM UP's Office Location 1002 Gemini St. Houston, TX 77058 and any affiliations with partnering companies to prevent Plantiff's SUBSIDIARIES ROCKETLADY UNLIMITED ENTERPRISES, LLC, ABUNDANCE ENERGY

CONSORTIUM (formally, ABUNDANCE EDUCATIONAL CONSULTING, LLC), ROCKETLADY UNLIMITED, LLC AND STEM UP 501 c3 financial injury suffered due to ransomware attacks by Houston Realty Holdings.
  H. Defendant (HARRIS COUNTY APPRAISAL DISTRICT) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others and ensure homestead exemption remained on real property in the even the deed on file maintains the same loan and FHA number removing Homestead Exemption created further financial hardship during time of bankruptcy.
  I. Defendant (HARRIS COUNTY APPRAISAL DISTRICT) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others and ensure solar exemptions were applied to real property versus a fraudulent lien placed by software provider creating extenuating financial injury to Plaintiff.
  J. Defendant (HARRIS COUNTY APPRAISAL DISTRICT) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others and ensure deed restrictions were equitable and not aimed at Plaintiff.
  K. Defendant (Corporation Service Company DBA CSC-Lawyers INCO) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others establishing a system of integrity within organization and partner organizations in regards to methods of how client information, and disciplinary actions for improper use.
  L. Defendant (EDEN CORPORATION) had a duty to exercise the degree of care that an organization of ordinary prudence would use to avoid harm to others and ensured that builder used smoke detectors in the dwelling that had passed patent and did not have radioactive material within the device to prevent the development of carcinogens.

## VIII. DAMAGES

52. As a direct and proximate result of the occurrence made basis if this lawsuit, Plaintiff, DR. LAKEISHA MENIFEE (ALSO KNOWN AS LAKEISHA HAMILTON, LAKESHA Y. HAMILTON, LAKEISHA Y. MENIFEE, Lakeisha Y. Hamilton, LAKEISHA HAMITLON-REED, LAKEISHA REED, LAKEISHA Y. REED, DR. KIKI, and SUBSIDIARIES ROCKETLADY UNLIMITED ENTERPRISES, LLC, ABUNDANCE ENERGY CONSORTIUM (formally, ABUNDANCE EDUCATIONAL CONSULTING, LLC), ROCKETLADY UNLIMITED, LLC AND STEM UP 501 c3 was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks Monetary relief Of 483,000,000.00.
    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the violation GANG STALKING and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in HARRIS COUNTY, TEXAS;
    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
    C. Physical pain and suffering in the past;
    D. Physical pain and suffering in the future;
    E. Loss of earnings in the past;
    F. Loss of earning in the past;
    G. Loss of earning capacity which will, in all probability, be incurred in the future;
    H. Mental anguish in the past;
    I. Mental anguish in the future;
    J. Physical Impairment in the past;
    K. Physical Impairment in the future; and
    L. Property damages including, but not limited to, the difference in market value of the property immediately before and after occurrence in question

## IX. REQUIRED DISCLOSURE

53. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-2. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosure within thirty (30) days after being served or joined.
54. All conditions precedent for the acquisition of the Property and the interest described in the petition have been performed or have occurred, including but not limited to:
    A. Plaintiff having made a good faith bona fide negotiation during bankruptcy to foster a release of lien;
    B. Plaintiff and Defendant (PHH Mortgage D/B/A Century 21 Mortgage D/B/A Cendant Mortgage) are unable to agree upon damages as a result accrued as a result of injury received during Chapter 13 discharge, and conspired Gang Stalking of Defendants partners.
    C. Plaintiff has provided Defendant opportunities for arbitration, via JAMS, and indicated in contractual agreement, and JAMS has failed to produced documentation to confirm or deny business relationship with the Defendant which has prevent deliberation.
55. Plaintiff seeks oil, gas Sulphur and other minerals in, to or under the Property, and Defendant does not have the right to explore, develop, drill, mine, operate or produce oil, gas Sulphur and other minerals on or frim the surface of the Property; Plaintiff will be permitted to extract oil gas and Sulphur from and under the Property by directional drilling other means from property located outside the boundaries of the Property, so long as Defendant use of the Property is not disturbed, and the facilities located and to be located on the Property and the public use of the Property are not obstructed, endangered or interfered with.

## X. PRAYER

56. WHEREFORE, PREMISES CONSIDRED, Plaintiff, DR. LAKEISHA MENIFEE (ALSO KNOWN AS LAKEISHA HAMILTON, LAKESHA Y. HAMILTON, LAKEISHA Y. MENIFEE, Lakeisha Y. Hamilton, LAKEISHA HAMITLON-REED, LAKEISHA REED, LAKEISHA Y. REED, DR. KIKI, and SUBSIDIARIES ROCKETLADY UNLIMITED ENTERPRISES, LLC, ABUNDANCE ENERGY CONSORTIUM (formally, ABUNDANCE EDUCATIONAL CONSULTING, LLC), ROCKETLADY UNLIMITED, LLC AND STEM UP 501 c3, respectfully prays that the Defendant, HARRIS COUNTY, TEXAS , HARRIS COUNTY APPRAISAL DISTRICT, Corporation Service Company DBA CSC-Lawyers INCO, KENSWICK HOA, EDEN CORPORATION, PHH MORTGAGE (Formally Century 21 Mortgage D/B/A Cendant Mortgage), ASSURANT DEVICE SERVICES, INC, HARRIS COUNTY COUNSTABLES OFFICE PCT.4, be cited to appear and answer herein, and that upon a final hearing of the cause judgement be entered for the Plaintiff against Defendant for damages in an amount of 483,000,000, and the Defendant cover legal expenses of the Plaintiff. **Plaintiff's prayer this July 19, 2024** is to destroy the pipeline that has been established within Texas by the **PRENTICE HALL CORPORATION** financing the **EDEN CORPORATION** to build homes with funds from the Federal Housing Authority to establish communities that are surveillance by Police Offices paid by Home Owners Associations and Courts governed by individuals that do not live in the community that place children of my community in the **EDEN CORRECTIONAL FACILITITY** registered agent.

Respectfully Submitted,

*[signature]*

Dr. Lakeisha Menifee
LEGAL FICTION